IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANGELA D. GUARIN for Graesyn Laine Guarin,<br><br>            Plaintiff,<br><br>vs.<br><br>ANDREW SAUL, Commissioner of the Social Security Administration,<br><br>            Defendant. | 8:20-CV-346<br><br>MEMORANDUM AND ORDER |

The plaintiff has filed a motion for default judgment (filing 16), based on the defendant's failure to answer her complaint. However, the record suggests that service of process has not been effected as required by Fed. R. Civ. P. 4(i).

Rule 4(m) requires that a defendant be served with the complaint and a summons. Rule 4(i) says that to serve process on a United States agency or officer, a party must provide a copy of the summons and complaint to: (1) the U.S. attorney for the district where the action is brought; (2) the U.S. Attorney General at Washington, D.C.; and (3) the United States agency or officer.

In this case, Rule 4(i) means that separate copies of the summons and complaint must be served on: (1) the U.S. Attorney for the District of Nebraska; (2) the U.S. Attorney General in Washington, D.C.; and (3) the Commissioner of the Social Security Administration. It appears from the Court's examination of the record that service has properly been made on the Commissioner, via the Office of the Chief Regional Counsel. *See* filing 13. It also appears that the U.S. Attorney General has been served. *See* filing 14. But the U.S. Attorney for the District of Nebraska has not. *See* filing 15.

The Court is sympathetic to the plaintiff's position—these rules are not easy to read, and even experienced attorneys sometimes struggle with them. And perhaps the government officials who apparently *did* receive the plaintiff's complaint could and should have been more helpful. Nonetheless, under the Rules of Civil Procedure, the Court has no discretion to overlook the deficiency: the Court lacks jurisdiction if the defendant was improperly served. *See Bell v. Pulmosan Safety Equip. Corp.*, 906 F.3d 711, 714-15 (8th Cir. 2018).

What the Court does have discretion to do, however, is extend the time for the plaintiff to complete service of process, because the plaintiff has clearly attempted in good faith to serve process under the rules as she understood them. *See* Rule 4(m); *Kurka v. Iowa Cty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010). The Court will afford the defendant another 90 days to serve process on the U.S. Attorney for the District of Nebraska[1] at:

United States Attorney for the District of Nebraska
1620 Dodge Street, Suite 1400
Omaha, NE 68102-1506
Attn: Civil Process Clerk

But the Court must deny the plaintiff's motion for default judgment: a prerequisite to default judgment is proper service of process. *See Norsyn, Inc. v. Desai*, 351 F.3d 825, 829-30 (8th Cir. 2003); *see also Bell*, 906 F.3d at 714-15. Accordingly,

---

[1] The Court will also direct the Clerk of the Court to provide a copy of this Memorandum and Order by email to Robert Homan and Lynette Wagner in the U.S. Attorney's Office for the District of Nebraska, along with the Court's suggestion that perhaps a waiver of service or appearance on the defendant's behalf would be beneficial for everyone involved.

IT IS ORDERED:

1.   The plaintiff's motion for default judgment (filing 16) is denied without prejudice.

2.   The Clerk of the Court shall send a copy of this memorandum and order together with a summons form and Form 285 to the plaintiff for service of process on the U.S. Attorney for the District of Nebraska.

3.   If requested to do so, the United States Marshal shall serve process in this case without prepayment of fees from the plaintiff. In making such a request, plaintiff must complete the Marshal's Form 285, to be submitted to the Marshal with the completed summons form and copy of the complaint.

4.   The Clerk of the Court shall set a case management deadline for February 26, 2021, to check for service of process.

5.   The Clerk of the Court shall provide a copy of this memorandum and order by email to Robert Homan and Lynette Wagner in the U.S. Attorney's Office.

Dated this 24th day of November, 2020.

BY THE COURT:

_____

John M. Gerrard
Chief United States District Judge

- 3 -